**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 98-50082
Summary Calendar

_____

TOYA TAYLOR,

Plaintiff-Appellant,

VERSUS

SERGIOS SALON & SPA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-97-CV-334)

_____

July 24, 1998

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Appellant Toya Taylor challenges the district court's summary judgment order dismissing her Title VII action seeking damages for discriminatory discharge as manager of Appellee's salon. Taylor alleges that she was terminated at least in part because she is black.

The Appellee gave a number of reasons for discharging Ms.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Taylor. In general, the employer asserted that she received several complaints from customers and other employees that Ms. Taylor's work was deficient. More particularly, the employer alleged that Ms. Taylor: (1) had left the salon for long periods of time without permission; (2) had shortages in the cash register; (3) failed to comply with the dress code; (4) had not accounted for petty cash withdrawals; (5) had other employees close the salon; and (6) had her hair done at other salons on company time.

In attempting to show that the employer's stated reasons for her discharge were pretextual, Ms. Taylor's primary argument is that no employee from her protected class has been fired for the reasons stated by the employer. However, Ms. Taylor provided no competent summary judgment evidence of other employees not in her protected class who had committed similar infractions. Ms. Taylor also admitted that before her termination the employer counseled her about those violations. She does not dispute the employer's summary judgment evidence that she was only terminated after subsequent violations occurred.

Assuming without deciding that Ms. Taylor stated a prima facie case, we agree with the district court that the employer stated adequate, non-discriminatory grounds for discharging Ms. Taylor and Ms. Taylor's summary judgment evidence was insufficient to show that those reasons were pretextual.

For the above reasons, the judgment of the district court is AFFIRMED.

2